UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRANCE KIRKSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | Judge Castillo |
| DEPUTY SHERIFF MATTHEW ) | |
| MELSON, DEPUTY SHERIFF M. ) | Jury Demand |
| DUARTE; and LAKE COUNTY ) | |
| ILLINOIS ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, TERRANCE KIRKSEY, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of his Complaint against the Defendants, DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE, and LAKE COUNTY, ILLINOIS; states as follows:

**COUNT I**
**SECTION 1983 DELIBERATE INDIFFERNCE TO MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT**

1.   This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, TERRANCE KIRKSEY accomplished by acts and/or omissions of the Defendants, DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE, committed under color of law.

2.   This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

3. The Plaintiff, TERRANCE KIRKSEY, is a resident of the state of Illinois. At all times relevant to the allegations of the Complaint, the Plaintiff was incarcerated in the Lake County Jail as a pre-trial detainee.

4. The Defendants, DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE, were, at all times relevant to the allegations of the Complaint duly appointed Deputy Sheriffs of LAKE COUNTY, ILLINOIS and were acting within their scope of employment and under color of law.

5. On June 30, 2015, the Plaintiff was housed in administrative segregation unit at the Lake County Jail in Lake County, Illinois.

6. At the time, the Plaintiff suffered from mental health issues and had previously attempted to commit suicide multiple times, all of which were known to the individual Defendants.

7. On June 30, 2015 the Plaintiff pleaded a number of times with Defendant DEPUTY SHERIFF M. DUARTE for immediate mental health treatment because he felt mentally distorted.

8. Despite the fact that Defendant DEPUTY SHERIFF M. DUARTE was aware that the Plaintiff had severe mental health issues and that the Plaintiff had previously attempted to commit suicide while in custody, Defendant DEPUTY SHERIFF M. DUARTE deliberately ignored the Plaintiff's pleas for mental health attention and walked away from his cell.

9. After Defendant DEPUTY SHERIFF M. DUARTE left the Plaintiff's presence, the Plaintiff's mental health condition rapidly deteriorated to the point where he became suicidal.

10. The Plaintiff tied a bedsheet around his neck that he connected to a sprinkler head located on the ceiling of his cell, and attempted suicide by hanging.

11. The Defendants were not only aware of the Plaintiff's medical needs, but also the necessary medical accommodations that would prevent his suffering, yet the Defendants refused to accommodate the Plaintiff, and directly caused him extreme pain and suffering resulting in the Plaintiff attempting suicide to alleviate his suffering. Therefore, the Defendants exhibited deliberate indifference to the medical needs of the Plaintiff.

12. As a direct and proximate result of the Defendants' failure to provide adequate medical care, the Plaintiff was unlawfully subjected to an unreasonable risk of serious harm and suffered damages as a result.

13. At all times relevant the Defendants were acting pursuant to customs and policies of the office of Sheriff Marc Curran, Jr. and/or Lake County, Illinois.

14. The Defendants actions were willful and wanton.

**WHEREFORE**, the Plaintiff, TERRANCE KIRKSEY, prays for judgment against the Defendant DEPUTY SHERIFF M. DUARTE, and for compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT II—FAILURE TO PROTECT

1-14. The Plaintiff, TERRANCE KIRKSEY hereby re-alleges and incorporates his allegations of paragraphs 1-14 of Count I as his respective allegations of paragraphs 1-14 of Count II as though fully set forth herein.

18. The Defendant, DEPUTY SHERIFF M. DUARTE had the duty and obligation to protect pre-trial detainees from committing suicide.

19. The Defendant, DEPUTY SHERIFF M. DUARTE knew the Plaintiff's mental health condition and mental health history, including his previous suicide attempts, and knew

that there was a strong likelihood that the Plaintiff would attempt suicide on June 30, 2015 if he did not receive mental health treatment.

20. The Defendant DEPUTY SHERIFF M. DUARTE had the ability to prevent this harm to the Plaintiff by obtaining the Plaintiff's mental health care that the Plaintiff requested.

21. Despite this knowledge, the Plaintiff's pleas for help, and his ability to obtain necessary mental health treatment that would have alleviated the harm to the himself, the Defendant, DEPUTY SHERIFF M. DUARTE consciously and deliberately ignored the Plaintiff, thereby failing to protect the Plaintiff from attempting suicide, a harm that would have been prevented if the Defendant simply obtained mental health treatment for the Plaintiff.

19. The actions of Defendant DEPUTY SHERIFF M. DUARTE constituted a violation of TERRANCE KIRKSEY'S Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

20. As a result of the actions of Defendant DEPUTY SHERIFF M. DUARTE, the Plaintiff, TERRANCE KIRKSEY, suffered fear, anxiety, pain, suffering and emotional distress.

**WHEREFORE**, the Plaintiff, TERRANCE KIRKSEY prays for judgment in his favor and against Defendant DEPUTY SHERIFF M. DUARTE, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – EXCESSIVE FORCE

1-20. The Plaintiff, TERRANCE KIRKSEY hereby re-alleges and incorporates his allegations of paragraphs 1-14 of Count I and his allegations of paragraphs 15-20 of Count II as his respective allegations of paragraphs 1-20 of Count III as though fully set forth herein.

21. During his suicide attempt, the Plaintiff broke the sprinkler at the top of the ceiling of his cell, which set off the fire alarm.

22. The Defendants, DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE responded to the Plaintiff's cell and ordered him to get in the fetal position.

23. As the Plaintiff dropped to his knees to comply with the order, Defendants DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE pepper sprayed the Plaintiff and viciously attacked him. At the time of the attack, the Plaintiff did not pose a threat to either Defendant.

24. The force used was excessive and unreasonable.

25. The actions of the Defendants were intentional, willful and wanton.

26. As a result of the Defendants' actions, the Plaintiff was injured.

27. The actions of the Defendants constituted a violation of TERRANCE KIRKSEY'S Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

28. As a result of the actions of the Defendants, the Plaintiff, TERRANCE KIRKSEY, suffered fear, anxiety, pain, suffering and emotional distress.

**WHEREFORE**, the Plaintiff, TERRANCE KIRKSEY prays for judgment in his favor and against the Defendants, Defendants DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT IV—FAILURE TO INTERVENE

1-28. The Plaintiff, TERRANCE KIRKSEY hereby re-alleges and incorporates his allegations of paragraphs 1-28 of Count III as his respective allegations of paragraphs 1-28 of Count IV as though fully set forth herein.

29. One or more of the Defendants, DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE was/were nearby, witnessed the use of excessive force against TERRANCE KIRKSEY, had a realistic opportunity to do something to prevent the Plaintiff from being attacked, and failed to intervene.

30. The actions of the Defendants constituted a violation of TERRANCE KIRKSEY'S Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

31. As a result of the actions of the Defendants, the Plaintiff, TERRANCE KIRKSEY, suffered fear, anxiety, pain, suffering and emotional distress.

**WHEREFORE**, the Plaintiff, TERRANCE KIRKSEY prays for judgment in his favor and against the Defendants, DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT V
## INDEMNIFICATION
## DEFENDANT LAKE COUNTY, ILLINOIS

1-31. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-31 of Counts 1 – IV as though fully set forth herein.

32. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

33. Defendants DEPUTY SHERIFF MATTHEW MELSON, DEPUTY SHERIFF M. DUARTE are or were employees of LAKE COUNTY, ILLINOIS and acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should Defendants DEPUTY SHERIFF MATTHEW MELSON and DEPUTY SHERIFF M. DUARTE are to be found liable for the acts alleged above, the Defendant LAKE COUNTY, ILLINOIS would be liable to pay the Plaintiff any judgment obtained against said Defendants.

### JURY DEMAND

The Plaintiff, TERRANCE KIRKSEY hereby requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco
Gregory E. Kulis & Associates

Gregory E. Kulis (#6180966)
GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830